## E. L. ADAMS v. THE STATE.

### No. 3434. Decided February 14, 1906.

**1.—False Swearing—Amount of Proof Necessary—Affidavit—One Witness.**

Upon a trial for false swearing to an affidavit in procuring marriage license, it was sufficient to establish the oath taken and what was sworn as a predicate for perjury or false swearing, by one witness; and the statute only requires two witnesses to prove the falsity of the alleged false swearing; and while the clerk's testimony who swore defendant to the affidavit was not very distinct, yet in connection with the other evidence it was sufficient to show that defendant made the affidavit.

**2.—Same—Statutory Oath.**

Where upon trial for false swearing, no question seemed to have been made during trial as to the particular form of oath required by statute, and the fact appeared that the witness testified that defendant swore to the affidavit and signed the same, it will be assumed that the oath administered was in proper and legal form.

**3.—Same—Variance—Indictment—Proof.**

Where upon appeal from a conviction of false swearing, the question of variance of a name as alleged in the indictment and contained in the proof was not properly presented by the record, it cannot be noticed.

**4.—Same—Charge of Court—Assignments for False Swearing.**

Where upon trial for false swearing, the indictment contained three assignments for false swearing, all of which are treated as one assignment, it was incumbent on the State to prove the falsity of all the facts stated in the affidavit upon which the assignments were predicated; and where the State made such proof, there was no error to submit the whole affidavit containing the different assignments of perjury together; and if the evidence showed that the State proved them to be false by two witnesses, or one witness strongly corroborated by other testimony, the case was made out for the State.

5.—Same—Variance—Affidavit—Indictment—Proof—Seal.

Where upon trial for false swearing, the indictment did not allege that the affidavit upon which the false swearing was predicated had a seal on it, and the affidavit as presented in the statement of facts did not contain such seal, and the certificate to the bill of exceptions did not show to the contrary, the question of variance was not properly raised; besides the court inclines to the view that this would not constitute a variance.

6.—Same—Charge of Court—Favorable to Defendant.

Upon a trial for false swearing, where the court was particular in submitting the issue as to whether defendant had made, signed and sworn to the false affidavit, and that the oath was properly administered, etc., there was no error of which defendant could complain in a further charge, that if he made the alleged false statement under oath, and that he believed at the time he made the affidavit that the facts as stated were true, to acquit.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James H. Lyday & J. G. McGrady,* for appellant.—On question of sufficiency of evidence: Aguirre v. State, 31 Texas Crim. Rep., 519; State v. Howard, 4 McCord (S. C.), 159. On question of statutory oath: O'Rilley v. People, 86 N. Y., 154.

*Howard Martin,* Assistant Attorney-General, and *William H. Hanson,* for the State.—On question of corroboration: Hodge v. State, 77 S. W. Rep., 1135; Thompson v. State, Dallas Term 1906.

HENDERSON, JUDGE.—The indictment charges the false swearing by appellant to be on an affidavit alleged to have been made by him, in order to procure a license to marry, Tennie House, who was under the age of 18 years. There is no exception to the indictment; nor do we note any vice in it.

Appellant insists that there is no testimony showing that the affidavit was made before Pat Henry, the county clerk, as alleged in the indictment; and he appears to insist that this showing must be made by two witnesses, or one witness strongly corroborated by other testimony. We do not agree to either of these propositions. We think it is sufficient to establish the oath taken and what was sworn as a predicate for the perjury or false swearing, by one witness. The statute only requires two witnesses to prove the falsity of the alleged false swearing. While State's witness Henry is not distinct that appellant swore to the affidavit, but so testified because of his habit with regard to affidavits, etc., yet in connection with his testimony, we think the evidence is sufficient to show that appellant made this affidavit. Bradley identifies appellant as the party he saw there at the time to get the license at the date the alleged affidavit was made. When appellant was arrested by the deputy sheriff, it is shown that he was warned, and appellant then did not

set up the fact that he had made no affidavit, but his defense seemed to be predicated solely on the idea that he could not be convicted, because he did not write the order from Sam House, the father of Tennie House; that she wrote the order herself. There are other circumstances in the case that tend to show appellant must have been sworn to the affidavit.

As to the criticism that the particular form of oath required by statute was not administered, we do not think the record presents this matter in a shape to be reviewed. No question seems to have been made as to this matter on the trial. If on the examination of the witness, Henry, the State failed to show that he administered a proper oath, we would have expected appellant to have presented this question. The fact that the witness testified that he swore appellant to the affidavit, and that appellant signed the same before him, would appear to involve (if no question was made) the fact that the oath administered was in proper and legal form. The very fact that the witness was sworn to it, shows that evidently he must have been sworn to the facts in the affidavit and that they were true.

It is claimed that there is some variance between Tinnie House as contained in the indictment and Tennie House as contained in the proof. We do not believe this matter is presented in such shape in this record as can be noticed. It is not necessary to discuss whether Tennie and Tinnie are idem sonans.

It is strongly urged that the court should have instructed a finding as to the falsity of the facts alleged in the indictment as the basis for the charge of false swearing that the submission by the court of all predicates in solido; that is, of the entire contents of the affidavit, was not a proper and legal way to make this submission. An inspection of the indictment shows that the predicate assignments for the false swearing were three in number, to wit: First, that the affidavit alleged as true that Tennie House was 18 years old, which was false; second, that Tennie House's father signed the order attached to the affidavit, for the issuance of the license, which was false; and third, it was also false, as alleged that there were no legal objections to said marriage. While these three elements are contained in the affidavit, there appears to be really but one assignment involving all these, as they are not treated separately. As we understand the whole affidavit, the essential facts therein stated are alleged to be false; and these phases of falsity are set out. In such case, we take it, that it was incumbent on the State to prove the falsity of all the facts stated in the affidavit. It would not have been so if these facts appearing in the affidavit had been stated in separate form as distinct assignments for false swearing. In such case, the proof of either assignment would be sufficient, and the judgment could be applied to either assignment. In the form in which this indictment is presented and submitted by the court in his charge, we take it, that all of the essential features contained in the affidavit had to be proved by the State, and we believe the State made such proof; that is, it was abundantly shown by two witnesses and more, that Tennie House

was under 18 years of age. This appears to have been a conceded fact. And secondly; it was also proved by the State that the order purporting to have been made by Sam House, addressed to the county clerk to issue a marriage license for his daughter, Tennie House, was not in fact made by Sam House, her father. He testified that he did not give such order, and it was proved by the State that appellant confessed to seeing Tennie House write the order. There was some other testimony to the same effect. It was also proven that there was no consent given to the marriage by the parents. If it be true, that the allegation in the indictment that there were no legal objections to said marriage, was a mere conclusion of law, then this amounted to nothing, and would constitute no assignment in fact. But if it did involve a statement of fact, and embraced the idea that Tennie House was under 18, and that her parents were not consenting and had given no order, then we think this was sufficiently negatived by the testimony. At any rate, it was competent for the court to submit the whole affidavit, containing the assignments of perjury together, and if the evidence shows that the State proved them to be false by two witnesses, or one witness strongly corroborated by other testimony, then the case is made out for the State. So, in our opinion, there was no error in the manner in which the court submitted this question.

Appellant insists there was a variance between the affidavit as presented, and that alleged in the indictment, because the indictment does not allege that the affidavit had a seal on it, whereas he insists that said affidavit did contain a seal. The affidavit as presented in the statement of facts (and that is the only place we find it) does not contain a seal, and the grounds of objection stated are not a certificate of the fact that said affidavit did contain a seal. We are further inclined to the view if it did, it would not constitute a variance.

There is no variance between the name, Sam House, as contained in the indictment, and the name signed to the order for the license and exhibited in this rcord.

Appellant insists that the court assumes in paragraph 7 of the charge, that appellant made the alleged false affidavit. Paragraph 7 is as follows: "It follows, therefore, that if at the time the defendant made the alleged false statement under oath, he believed the facts therein stated to be true, then he would not be guilty of the offense charged, and should be acquitted." This is a charge given for and on behalf of the defendant and we do not see any error in the court stating this matter to the jury as was done. It is tantamount to saying to them, even if they believed that defendant believed the facts stated in the affidavit to be true, he would not be guilty, although he may have made the same. When the court submitted the issues against defendant, he was very particular to charge the jury, that before they could convict him, they must find that he made the affidavit on which the alleged false statement was predicated. And they were instructed that he must not only have signed said affidavit, but that he swore to the same, and if

they had a reasonable doubt as to such matter, to acquit him. The court further gave a special instruction at the request of appellant, to the effect that although the jury might believe that defendant made a false statement to the county clerk, Pat Henry, that they could not convict him unless it was further shown that such false statement was reduced to writing and signed by defendant, and after having been so reduced to writing and signed, said Henry thereupon duly administered to defendant an oath, and swore defendant to the statement contained in the writing which he subscribed.

We have examined the record carefully, and in our opinion it contains no error and the judgment is affirmed.

*Affirmed.*