McCRACKEN v. TAYLOR et al.

(Court of Civil Appeals of Texas. Amarillo. March 30, 1912.)

1. JUDGMENT (§ 743*) — CONCLUSIVENESS — MATTERS CONCLUDED—TITLE AND RIGHT TO REAL PROPERTY.

Grantor's wife, who had not joined in the deed, sued the grantee to recover 200 acres as her homestead and obtained judgment for the right and possession of the land, and that the deed conveying it be canceled in so far as it attempted to convey the homestead, and this judgment was affirmed on appeal. The grantee then sued the grantors to obtain judgment for an estate in remainder for an undivided half interest in the land. Held, that the former judgment was conclusive against the grantors' right to any title or interest in the homestead.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1275–1277; Dec. Dig. § 743.*]

2. JUDGMENT (§ 460*). — SETTING ASIDE — FRAUD—SUFFICIENCY OF ALLEGATIONS.

Allegations, in a suit by a grantee to set aside a judgment for a homestead obtained by the grantor's wife, that the judgment divesting title out of the grantee and vesting it in the wife was a fraud on the grantee, and that that part of the judgment was rendered by accident or mistake of which he was not aware at the time, are insufficient, even on direct attack, to authorize the setting aside or correction of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879–891; Dec. Dig. § 460.*]

3. HOMESTEAD (§ 217*)—ACTION BY GRANTEE —GROUNDS.

The fact that a grantor's wife, after a judgment against the grantee for the title and

possession of a definite part of the land conveyed as her homestead right, does not thereafter occupy the premises, gives the grantee no right to any title or interest therein.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 404; Dec. Dig. § 217.*]

4. COVENANTS (§ 93*)—BREACH—QUITCLAIM DEED—CONSTRUCTION—"UNDER."

A quitclaim deed by a husband and others, in which the wife did not join, by the habendum clause declared that the grantee was to have and hold the premises to himself, his heirs and assigns forever, so that neither the grantors nor their heirs, nor any person or persons claiming under them, should at any time thereafter have or claim any right or title to the premises. Thereafter the wife obtained judgment for the recovery of title and possession of her homestead in the premises. *Held*, that the wife was not a person claiming "under" her husband, and that by the terms of the deed the grantors were not liable to the grantee by reason of the recovery had against him.

.. [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 101–103; Dec. Dig. § 93.*

For other definitions, see Words and Phrases, vol. 8, p. 7157.]

5. HOMESTEAD (§ 21*)—PERSONS ENTITLED— MARRIED WOMAN — "MARRIAGE" — "WIFE-HOOD."

Under Const. art. 16, § 51, and Rev. St. 1895, art. 2396, defining a homestead, the homestead right of a married woman rests upon the fact that she has the status of a wife, and that as such she actually used and occupied the 200-acre homestead for the purpose of a home, at the time of its attempted alienation, and did not join in the execution of the conveyance or in any way assent thereto; the term "marriage" meaning the civil status of a man and woman lawfully united in the relation of husband and wife, and "wifehood" being defined as the state of being a wife.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 29, 30; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 5, pp. 4390–4398; vol. 8, p. 7717.]

Appeal from District Court, Childress County; S. P. Huff, Judge.

Suit by J. C. McCracken against George Taylor and others. General demurrer to petition sustained, and plaintiff appeals. Affirmed.

Jos. H. Aynesworth, of Childress, for appellant. Hamilton & Davidson, of Childress, for appellees.

PRESLER, J. On the 19th day of August, 1910, appellant, J. C. McCracken, brought this suit in the district court of Childress county, against appellees George Taylor and others, alleging in substance that all of the parties made defendants except Mrs. J. M. Taylor, on December 3, 1900, for a consideration of $1,100, had conveyed to plaintiff the E. ½ of section 458, block H of railway surveys in Childress county, Tex.; that thereafter on April 9, 1903, the defendant Mrs. J. M. Taylor, wife of the defendant George Taylor, Sr., instituted suit against the plaintiff, McCracken, to recover 200 acres of said land as her homestead, and for which judgment was rendered in her favor on May 1, 1906; that the plaintiff had duly appealed from this judgment in favor of Mrs. J. M. Taylor, but the same had been duly affirmed on the 9th day of March, 1907; and that plaintiff had been duly dispossessed of said 200 acres of land by virtue of said judgment on June 28, 1907. Plaintiff alleged that the judgment referred to "was an erroneous judgment, in this: That he should have had a judgment for the estate in remainder for an undivided one-half interest in the lands." That in divesting the title in said 200 acres out of plaintiff and vesting the same in Mrs. J. M. Taylor, the judgment was a fraud on the rights of plaintiff, and that said portion of said judgment was incorporated in said judgment "by accident or mistake and plaintiff was not aware of the same at that time." Plaintiff further alleged that the 200 acres of land so recovered by Mrs. J. M. Taylor as her homestead had not been occupied at any time since the judgment referred to, and that plaintiff was entitled to a decree giving effect to the deed of the husband, George M. Taylor. As a further ground of recovery, the plaintiff charged that the several defendants, who had executed the deed before mentioned, became obligated by the terms of the deed, and because of the ouster hereinbefore mentioned, to repay to the plaintiff the pro rata part of the purchase money given by him and for which he prayed judgment in the event he was denied recovery of the land as sought. To which defendant answered, among other things by general and special demurrers.

[1] We are of the opinion that there was no error in the action of the court in sustaining the general demurrer to plaintiff's petition. The judgment in favor of Mrs. J. M. Taylor, a copy of which is attached to the plaintiff's petition as an exhibit, expressly adjudges that she "do have and recover of and from the defendant J. C. McCracken the title and possession" of the 200 acres of land sued for by her as her homestead, and that the deed declared upon in this suit, "conveying said premises, be and the same are in all things canceled and held for naught in so far as they attempt to 'convey the said 200 acres of land," and that she "be quieted in her title to the same." From the petition in this case it appears that this judgment is in full force and effect, and we conclude that it is res adjudicata of any right of the plaintiff herein to recover any title or interest in the 200-acre homestead. The said judgment vests in Mrs. Taylor full title and right of possession and expressly cancels the deed relied upon by plaintiff herein in so far as it purports to convey any interest in the 200 acres.

[2] The allegations of fraud and mistake are altogether too indefinite and insufficient to authorize the setting aside or correction of said judgment, even on direct attack,

and, if not, it is now, at all events, too late in this collateral proceeding to alter its terms or legal effect.

[3] Nor do we think the alleged fact that Mrs. Taylor, since the judgment in her favor, has not occupied the premises, gives plaintiff any right. In Marler v. Handy, 88 Tex. 421, 31 S. W. 636, it was held that the deed to the homestead executed by the husband alone might be given effect by way of estoppel to pass title to the grantee upon the acquisition by the grantor of a new homestead for his family, provided such acquisition was not made with intent to defraud the wife out of her interest in the former homestead. It is not alleged here, however, that either Mrs. J. M. Taylor or her husband, George M. Taylor, has ever acquired a new homestead. However, as stated above, we hold the judgment rendered in the former suit referred to is conclusive as to this question as well as to Mrs. Taylor's right to the title and possession of the entire 200 acres, as against appellant.

[4] Nor do we think there is any merit in appellant's contention that appellees, by virtue of the alleged ouster, and the terms of their deed, are liable to him in any sum. The granting clause of the deed referred to is as follows: "Do by these presents bargain, sell, release and forever quitclaim unto the said J. C. McCracken, his heirs and assigns, all our right, title and interest in and to that certain tract or parcel of land," etc., describing the land. The habendum clause is as follows: "To have and to hold said premises, together with all and singular the rights, privileges, and appurtenances thereunto in any manner belonging unto the said J. C. McCracken, his heirs and assigns forever, so that neither the said George Taylor, F. L. Taylor, W. L. Taylor, G. E. Taylor and Nellie T. Lansford, nor their heirs, nor any person or persons claiming under them, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof." It will be thus seen that the deed under which appellant claims in its granting clause is merely a quitclaim and purports to convey only such interest in the land described as the grantors have; the habendum clause, however, may be construed as a covenant of warranty against the claims of a certain class of persons therein specified, viz., those claiming "under" the grantors, but giving to the deed its most favorable construction in behalf of appellant. We have been cited to no authority, nor are we able to find any, that would warrant our here holding, under the Constitution and laws of this state, that the appellee Mrs. Taylor held her right and interest in the homestead and community property "under" her husband, George M. Taylor. We think this view of the interest and right of the wife in such property is in contravention of the spirit of the Constitution and all of our legislation, which views the marital relation as a partnership, wherein the partners have equal title and interest in the community property and homestead, and neither can be held as holding their interest in such property "under" the other. It is clear from the record in this case that Mrs. Taylor's claim, by virtue of which she recovered in the suit referred to, was not derived from conveyance or right of heirship from any one or more of the grantors in the deed, and no relationship, contractual or otherwise, is show between Mrs. Taylor and the grantors, except that it is alleged that she was the wife of one of them, to wit, George M. Taylor, and as such was permitted to recover. But this relationship, as above indicated, we think clearly insufficient to support the contention that Mrs. Taylor's claim to the homestead was under George Taylor within the meaning of the warranty clause of the deed to appellant.

[5] Her right was conferred by the Constitution and laws because of her status at and before the time of the execution of the deed. One of the definitions of the term "marriage," given in the Century Edition of the Standard Dictionary, is, "The civil status of a man and woman lawfully united in the relation of husband and wife," and again, "wifehood" is defined by the same authority as, "The state of being a wife." Mrs. Taylor's claim of homestead, then, independent of any right in her husband, he not having acquired another, rested upon the fact that she occupied the status of a wife, and that as such she actually used and occupied the 200 acres awarded to her for the purpose of a home at the time of its attempted alienation and did not join in the execution of the conveyance or in any way assent thereto. Const. art. 16, § 51; Rev. St. art. 2396; Roco v. Green, 50 Tex. 483; Wolfe v. Buckley, 52 Tex. 641; Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Rogers v. Renshaw, 37 Tex. 625.

We therefore conclude that the trial court correctly held appellant's petition subject to the general demurrer, and that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.

HALL, J., not sitting.