LESLIE LOWRY v. STATE

No. 28,532. November 28, 1956.
State's Motion for Rehearing Overruled January 23, 1957.

*Baldwin & Goodwin,* Beaumont, for appellant.

*Will Wilson,* Attorney General, *Robert O. Smith,* Assistant Attorney General, *Les Proctor,* District Attorney, *Francis J.*

*Maloney, Jr.,* Assistant District Attorney, *John Ben Shepperd,* former Attorney General, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

*Byron Lockhart,* Austin, *amicus curiae.*

WOODLEY, Judge.

The offense is perjury; the punishment, seven years.

Appellant and others executed a charter of The Texas Fire Insurance Company dated July 11, 1951, and attached thereto the document described in the indictment which reads as follows:

"AFFIDAVIT AS TO CAPITAL

of the

TEXAS FIRE INSURANCE COMPANY

of

BEAUMONT, TEXAS

"THE STATE OF TEXAS )
"COUNTY OF JEFFERSON )

"Before me, the undersigned authority, on this day personally appeared D. H. O'Fiel, Paul Lowry and Leslie Lowry all known to me, who after being duly sworn, upon oath, each for himself deposes and says:

"That they are the identical parties who executed the Charter of the Texas Fire Insurance Company; that the full amount of the capital stock, to-wit, One Hundred Thousand and no/100 $100,000.00) Dollars, and a surplus of Fifty Thousand and no/100 ($50,000.00) Dollars, has been in good faith subscribed and paid in cash; that such sum of $150,000.00 paid in is now on deposit in the Security State Bank and Trust Company at Beaumont, Texas, and is the bona fide property of the said Texas Fire Insurance Company.

"/s/ Leslie Lowry

"/s/ Paul R. Lowry

"/s/ S. D. O'Fiel

"SUBSCRIBED AND SWORN TO BEFORE ME, on this

the 11th day of July, A.D. 1951, to certify which witness my hand and seal of office.

"/s/ S. B. Lusby

"Notary Public in and for

Jefferson County, Texas"

"(SEAL)

Under the state's theory, the affidavit was required by Art. 4702 R.C.S. as it then existed, and venue was in Travis County under Art. 189 C.C.P. by virtue of the use of the affidavit in said county.

At the outset we are called upon to pass upon the contention that the evidence is insufficient to establish that the statement alleged to be false was made under the circumstances required by the perjury statutes, and as alleged in the indictment.

To constitute the offense of perjury, the oath or affirmation must be administered in the manner required by law. Art. 304 P.C.

Art. 302 P.C. requires that the false statement be made "* * * under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered."

The indictment was drawn under these statutes and alleged that the statement was made and subscribed by appellant "* * * under the sanction of an oath legally administered to him by S. B. Lusby, a Notary Public for Jefferson County, Texas."

No witness testified that appellant at any time appeared before Notary Public S. B. Lusby, or that said notary administered an oath to appellant, legal or otherwise.

Witnesses were called who identified appellant's signature on the instrument, and the signature of S. B. Lusby, and it was shown that Lusby was a notary public in and for Jefferson County.

It is upon this testimony, and the instrument itself, including the jurat, that the state relied to establish the fact that an oath was legally administered to appellant by Lusby, and

that the statement assigned as perjury was made under the sanction of an oath.

No precedent in the decisions of this court are cited and we know of none wherein the officer's jurat has been held sufficient to establish that the person whose name appears above it as the maker of the statement made it under sanction of an oath legally administered.

The state cites an Arizona case, Lewis v. State, 256 P. 1048, but the opinion in that case reveals that the court was dealing with an Arizona statute which made presumptive evidence of the statements of an affiant because of the officer's jurat.

No comparable statute exists in this state, and the cases decided by this court appear to announce a contrary doctrine.

In Adams v. State, 49 Texas Cr. Rep. 361, 91 S.W. 225, it was held that the oath taken and what was sworn could be established by the testimony of one witness, that of the officer who administered the oath being sufficient.

No particular form for administering an oath such as that before us is set out in our statute. It is settled law, however, that to constitute a valid oath, for the falsity of which perjury will lie, there must be, in the presence of a person authorized to administer it, an unequivocal act by which affiant consciously takes upon himself the obligation of an oath. Weadock v. State, 118 Texas Cr. Rep. 537, 36 S.W. 2d 757; Vaughn v. State, 146 Texas Cr. Rep. 586, 177 S.W. 2d 59.

We are unable to agree that the officer's jurat, with proof of the signatures and authority of the officer to administer an oath, is sufficient evidence to establish that appellant appeared before the notary and in his presence did an unequivocal act by which he consciously took upon himself the obligation of an oath.

In Weadock v. State, supra, the rule above mentioned was stated and it was held that the testimony of the notary was sufficient to show that a valid oath was administered to the affiant to an affidavit supporting an account against an estate. Judge Morrow, speaking for this court, on rehearing, said: "It was essential that there be adequate evidence that appellant swore to the affidavit."

Notary Public S. B. Lusby was an employee, close personal

friend and business associate of appellant, and was called to testify in his behalf. He testified that he did not swear appellant or administer any oath to him in connection with the statement.

In view of our finding that the state failed to prove that appellant made the statement under sanction of an oath legally administered, we need not pass upon the effect of Lusby's testimony.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

The state has favored us with a scholarly brief in which they cite a number of authorities from other jurisdictions, as requested by the writer when the state argued its motion for rehearing.

In the main, these cases rely upon a statement found in 2 C.J.S. 971 as follows:

"The jurat is prima facie evidence of matters stated therein. Extrinsic evidence, however, is of course admissible to prove that such statements are in fact false."

The difficulty which this court has encountered from the original submission of this case lies in the phraseology of our Texas perjury statutes (Articles 302 and 304, V.A.P.C.), to which attention was directed in our original opinion.

The force and effect of such statutes is to require that the state prove in all prosecutions for perjury in this state that the false statement was made under the sanction of an oath which had been legally administered.

It must be borne in mind that there is an entire absence of any showing in the record before us that the appellant ever appeared before Lusby at the time he signed the instrument in question.

We quote from Sullivan v. First National Bank of Flatonia, 83 S.W. 421, as follows:

"We think, therefore, the law requires the affiant to be in the

personal presence of the officer administering the oath; not to the end that the officer may know him to be the person he represents himself to be, for it is not required that the affiant be identified, or introduced, or be personally known to the officer, but to the end that he be certainly identified as the person who actually took the oath. Oaths and affirmations according to the statute authorizing and governing them are taken before the officer authorized to administer them."

This case cites O'Reilly v. People, 86 N.Y. 154, from which we quote as follows:

"To make a valid oath for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath. The delivery in this case of the signed affidavit to the officer was not such an act, and was not made so by the intention of the one party or the supposition of the other."

Though a great latitude has been allowed in proving the execution of an oath, we find that the authorities from this and other states, which we consider to be based on sounder reasoning, require the presence of the affiant before the person administering the oath.

The state's motion for rehearing is overruled.