2003



# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 4, 1959

Honorable Harold B. Parish, Chairman      Opinion No. WW-613
Privileges, Suffrage and Elections Committee
House of Representatives      Re: Whether or not there
Austin, Texas      could be convictions for
     false swearing or perjury
     under the declaration
     provisions to be signed
     by the electors when not
     required to be notarized
     or upon affidavit of a
     witness.

Dear Mr. Parish:

Your opinion request concerning House Bill No. 86 and Committee Amendment No. 1 reads in part as follows:

"The Committee requests to be advised on the question as to whether or not there could be convictions for false-witnessing or perjury under the declaration provisions to be signed by the electors when not required to be notarized or upon affidavit of a witness."

House Bill No. 86 purports to amend Subdivision 4 of Section 37 of the Election Code of the State of Texas, compiled in Vernon's Revised Civil Statutes of Texas as the Election Code, Article 5.05. This bill reads in part as follows:

"Such elector shall mark the ballot, or it shall be marked by a witness at the direction of said elector in case of the latter's inability to mark such ballot because of physical disability, in the presence of a <u>Notary Public or other persons qualified under the law to take acknowledgements</u>, and in the presence of no other person except said witness and/or such officer, and in such manner that such officer cannot know how the ballot is marked, and such ballot shall then in the presence of such officer be folded by the elector or by said witness in case of physical disability of said elector, deposited in said envelope, the envelope securely sealed, the endorsement filled out, signed by the elector, or in case of physical disability, then by the said witness for and in behalf of said elector, <u>and certified by such officer</u> and then mailed by said officer, postage prepaid, to the county clerk."
(Emphasis added)

Honorable Harold B. Parish, Page 2. (WW-613)

Article 302 of Vernon's Penal Code of the State of Texas, reads as follows:

"Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice."

Article 310, Vernon's Penal Code, reads as follows:

"If any person shall deliberately and wilfully, under oath or affirmation legally administered, make a false statement by a voluntary declaration or affidavit, which is not required by law or made in the course of a judicial proceeding, he is guilty of false swearing, and shall be punished by confinement in the penitentiary not less than two nor more than five years." (Emphasis added)

It should be noted that both Article 302 and Article 310 of Vernon's Penal Code require as an element of prosecution that statements, declarations, etc., be made under oath or affirmation legally administered. It has been held that "the full force and effect of such statutes is to require that the State prove in all prosecutions for perjury in this state that the false statement was made under the sanction of an oath which had been legally administered". Leslie Lowry v. State of Texas, 297 S.W. 2d 848 (Tex. Crim. 1957).

In Weadock v. State, 118 Tex. Crim. R. 537, 36 S.W. 2d 757, the Court held that to constitute a valid oath for the falsity of which perjury will lie, there must be, in the presence of a person authorized to administer it, an unequivocal act by which affiant consciously takes upon himself the obligation of an oath.

It would seem from the above authority that perjury convictions would lie where it could be proved by the State that an oath was actually taken by the affiant in the presence of a person authorized to administer such oath. The fact that the affiant signed a statement that appeared to be sworn to without the actual proof that he was in fact sworn would not support a conviction of perjury.

Committee Amendment No. 1 amends House Bill 86 so as to omit all reference to a Notary Public and other persons qualified under law to take acknowledgments.

Since the statement required by House Bill 86 as amended by Committee Amendment No. 1 is not to be made under oath or affirmation, a person making a false statement would not be guilty of "perjury" or "false swearing".

Neither H. B. 86 nor Committee Amendment No. 1 contravenes any Constitutional provision.

## SUMMARY

> There could be no convictions for false swearing or perjury under the declaration provisions of H.B. 86 or Committee Amendment No. 1 signed by the electors when not made upon oath or affirmation legally administered. H. B. 86 and Committee Amendment No. 1 are Constitutional.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Cecil Cammack, Jr.
Assistant

Jot Hodges, Jr.
Assistant

CC:aw

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Robert T. Lewis
Zellner J. Turlington
Thomas Burrus
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert