

CRAWFORD C. MARTIN
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

December 5, 1972

Honorable Jack Salyer
District Attorney
23rd Judicial District
P. O. Drawer 1666
Bay City, Texas 77414

Opinion No. M-1277

Re: Criminal violations and remedies involved concerning marriage license issued to two males.

Dear Mr. Salyer:

You have requested an opinion on the following:

Query One: Is there a criminal violation for false swearing where a man falsely states that he is a female on an application for marriage license?

Query Two: Can two men in Texas acquire the status of marriage?

According to the facts given in your letter, two males, one of whom was dressed as a female, appeared at the County Clerk's office and made application for a marriage license. The one posing as the female filled in the portions of the license application provided for female applicants. Subsequently the license was issued.

The Texas Family Code, (Acts 61st Leg., R.S., 1970, Ch. 888, p. 7), Title I. HUSBAND AND WIFE, Subtitle A, Sec. 1.03 entitled Application Form provides:

(a) The county clerk shall furnish the application form as prescribed by the Bureau of Vital Statistics of the State Department of Health.

(b) The application form shall contain:

(1) a heading entitled 'Application for marriage license, _____ County, Texas;'

(2) spaces for each applicant's full name (including the woman's maiden surname), address, social security number, if any, date of birth, place of birth (including city, county, and state), and race;

Section 1.03 (b) (2) calls for a woman's maiden name to be set out in full. Billie Ert is not a woman as called for by the statute, which incorporates the common law, and as is designated on the form; therefore the information given as to the woman's maiden name on the application is false.

Section 1.03 (b) (5) of the Code calls for a printed oath on the form reading:

"I solemnly swear (or affirm) that the information I have given in this Application is correct, that I am not presently married, and that I am not related to the other applicant within the degrees prohibited by law. "

The Texas Penal Code, Article 310 entitled "False Swearing" provides:

"If any person shall deliberately and willfully, under oath or affirmation legally administered, make a false statement by a voluntary declaration or affidavit, which is not requested by law or made in the course of a judicial proceeding, he is guilty of false swearing, and shall be punished by confinement in the penitentiary not less than two nor more than five years. "

In Steher v. State, 4 S.W. 880 (Tex. Ct. of App. 1887), it was held that the giving of a false affidavit to a county clerk in order to obtain a marriage license was assignable and would support a prosecution for "false swearing" under the Texas Statute defending that offense. See also Davidson v. State, 3 S.W. 662 (Tex. Ct. of App. 1886). Furthermore, the giving of false information on marriage license applications, which must be sworn in accordance with V.A.T.S., Family Code, Sections 1.02 and 1.03, has been found to be a violation of the prohibition against false swearing in Article 310. See, for example: Wilson v. State, 93 S.W. 547 (Tex. Crim. 1906), in which a false age for the female was given; Adams v. State, 91 S.W. 225 (Tex. Crim.

1906), in which the false swearing included the female's age, the father's consent to the marriage, and the claim that there was no legal objection to the marriage.

Although there is a criminal violation involved, that does not of itself provide the clerk with a remedy to cancel the license. Section 2.02 of the Family Code, supra, entitled "Fraud, Mistake, or Illegality in Obtaining License" provides:

> "Except as otherwise provided by this chapter, the validity of a marriage is not affected by any fraud, mistake, or illegality that occurred in obtaining the marriage license."

The clerk is provided a remedy at law, however, which turns upon the question of whether the parties involved have acquired the status of a marriage. Attorney General's Opinion No. M-1216, dated September 17, 1972, states that a marriage license may not be issued to two persons of the same sex. We noted therein the case of Baker v. Nelson, 191 N.W.2d 185 (Minn. Sup. 1971), presently in the United States Supreme Court, which so held. That opinion coupled with a study of the authorities makes any attempted marriage between persons of the same sex an impossibility. The following study of the authorities will put the exact problem clearly in focus.

Since the Family Code does not deal with the exact problem at hand, it is necessary to look to the Code Construction Act, Article 5429 b-2, Subchapter C, Sec. 3.03, Vernon's Civil Statutes (60th Leg., 1967) for guidance in construing the various provisions of the Code.

> "Sec. 3.03. In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the
>
> (1) object sought to be attained;
>
> (2) circumstances under which the statute was enacted;
>
> (3) legislative history;
>
> (4) common law or former statutory provisions including laws upon the same or similar subjects;

(5)  consequences of a particular construction;

(6)  administrative construction of the statute; and,

(7)  title, preamble, and emergency provision. "

In accordance with the Code Construction Act, supra, we must look to the common law for guidance as well as rulings of Texas Courts on former statutory provisions dealing with the same or similar subjects.

Marriage has been defined in Texas as the voluntary union for life of one man and one woman as husband and wife, to the exclusion of all others, for the discharge, to each other and to the community, of the duties legally incumbent on those whose association is founded on the distinction of sex, 38 Tex. Jur. 2d pp. 28, Sec. 1; McCracker v. Taylor, 146 S. W. 693 (Tex. Civ. App. 1912); Simpson v. Simpson, 380 S. W. 2d 855 (Tex. Civ. App. 1964, error ref. n. r. e. ).

Texas Courts have also held that marriage is not a contract but a status created by mutual consent by one man and one woman. Grigsby v. Reib, 105 Tex. 597, 153 S. W. 1124 (1913). Since marriage is not, in and of itself, a contract, vesting rights in parties, but a status, it is subject to dissolution civilly at the absolute will of the sovereign state. McGinly v. McGinly, 295 S. W. 2d 913 (Tex. Civ. App. 1956). The Texas Courts have held that since the state controls what determines the marriage status, it may strip certain classes of their contractual powers in regard to entering into the marriage relationship. Gowin v. Gowin, 292 S. W. 211 (Tex. Civ. App. 1927). In Gowin, supra, the court spoke to the issue immediately at hand in holding that among those classes of people who, although possessing full contractual powers in all other respects, may not enter into the status of marriage were " a man and a man, " and "a woman and a woman. "

Section 2. 01 of the Family Code, supra, reads as follows:

"Section 2. 01.   State Policy

In order to promote the public health and welfare and to provide the necessary records, this code prescribes detailed and specific rules to be followed in establishing

the marriage relationship.   However, in order to provide
stability for those entering into the marriage relationship
in good faith and to provide legitimacy and security for the
children of the relationship, it is the policy of this state
to preserve and uphold each marriage against claims of in-
validity unless strong reasons exist for holding it void or
voidable.   Therefore, every marriage entered into in this
state is considered valid unless it is expressly made void
by this chapter or unless it is expressly made voidable by
this chapter and is annulled as provided by this chapter.
When two or more marriages of a person to different spouses
are alleged, the most recent marriage is presumed to be
valid as against each marriage that precedes it until one who
asserts the validity of a prior marriage proves its validity. "

At first blush, it might  appear that this statute upholds the validity
of a marriage by a man to another man in that it does not expressly forbid
same.  Nevertheless, we must look behind the statute to the intent of the legis-
lature as is commanded by the Code Construction Act, supra.

The legislature has permeated the Family Code, supra, with the terms
"husband, " "wife, " and "marriage, " and since the legislature must be pre-
sumed to know the definition and usage of these words, it is clear under both
statutory  law in Texas and Texas common laws that only two persons of the
opposite sex may marry.  Title 1 of the Family Code, supra, from which
this statute is taken is entitled "HUSBAND AND WIFE" and although Texas
Courts may not have directly spoken to the definition of husband and wife, other
courts have done so.  In Darin v. Bars, 188 N. C. 200, 124 S. E.  556,  568 (1924),
the court said, "a husband is a man who has a wife, and a wife is a woman who
has a husband. "

The various provisions of the Family Code, supra, indicate what the
intention of the legislature was in enacting the Family Code.  Section 1.03 of
the Family Code, supra, which  incorporates the common law, in prescribing
the contents of the application for license calls for the woman's maiden surname
indicating that a woman is a necessary party to a marriage.  Even Section 2.01
of the Family Code, supra, in declaring the State Policy presupposes the exis-
tence of a marriage between a man and a woman in saying, "to provide stability

for those entering into the marriage relationship in good faith and to provide legitimacy and security for the children of the relationship, . . ."
The use of the word children points to the legislative intent here involved. It was the legislative intent to provide for a marriage between those whose association is founded on the distinction of sex.

In Calvert v. British-American Oil Producing Company, 397 S. W. 2d 839, (Tex. Sup. 1965) at page 842, the Court said:

"Courts will not follow the letter of the statute when it leads away from its true intent and purpose of the legislature, and to conclusions inconsistent with the general purpose of the act. "

Following this law coupled with Texas Common Law, there can be but one legal conclusion, persons of the same sex are not granted the status of marriage in Texas.

The fundamental reliance by the legislature in the distinction of sex inherent in a marriage relationship would place the attempted marriage of two people of the same sex into a category of being absolutely null, having no force or effect for any purpose, at any place or time, and whose invalidity may be asserted by anyone, at any time, directly or collaterally. Simpson v. Neely, 221 S. W. 2d 303 (Tex. Civ. App. 1969, error ref.). In short, it is impossible for two men to acquire the status of a marriage in Texas.

## SUMMARY

It is impossible for persons of the same sex to acquire the status of a marriage in Texas. A charge of false swearing may be prosecuted where a person swears falsely that they are a certain sex when in fact they are not.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Tazewell Speer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman

Linda Neeley
Wardlow Lane
Harriet Burke
R. L. Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant