Reversed and Rendered and Majority and Dissenting Opinions filed
February 9, 2006









 

Reversed and Rendered and Majority and Dissenting
Opinions filed February 9, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00595-CR

____________

 

DEARL HARDY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 344-12404

 



 

D I S S E N T I N G   O P I N I O N

I respectfully disagree with the majority=s conclusion that the evidence is
legally insufficient to support appellant=s conviction.  Under the Penal Code, a person commits
perjury if he makes a false statement under oath with the intent to deceive and
with knowledge of the statement=s meaning.  Tex. Penal Code Ann. _ 37.02(a)(1) (Vernon 2003).  While Aoath@ is not statutorily defined, it has
been defined as Aa pledge to act in a truthful and faithful manner.@ 
Martin v. State, 896 S.W.2d 336, 339 (Tex. App.CAmarillo 1995, no pet.).








The majority found the State failed to prove that Joslin=s statements in his probable cause
affidavit were made under oath.  In making
its determination, the majority relied on Lowry v. State, 297 S.W.2d 848
(Tex. Crim. App. 1957), a nearly fifty-year-old case that has been cited by
only one intermediate Texas appellate court. 
In Lowry, the State relied on witness identification of the
appellant=s and notary=s signatures, the presence of a
jurat, and the fact that the notary was authorized in the relevant county to
prove that a legal oath had been administered.  Id. at 849.  The Court of Criminal Appeals found this
evidence was insufficient to prove the appellant had executed a legal oath
because the State did not show the notary actually administered the oath to the
appellant or that the appellant ever appeared before the notary.  Id. at 850.  

The majority analogizes the instant case to Lowry,
which it notes Awe are constrained to follow@ despite the majority=s recognition Athat a proper affidavit should
substitute for live testimony under oath.@ 
I find this case distinguishable from Lowry.  Here, Joslin admitted he committed
perjury because he felt threatened by appellant.  Moreover, several witnesses corroborated
Joslin=s testimony and described his
reaction the night appellant was arrested. 
Deputy Hulsey testified that he saw Joslin on the phone with appellant
and that afterward Joslin was visibly upset and complained he could not believe
he had to file a DWI against Coates. 
Also, Wood testified that Joslin confided in him that appellant ordered Joslin
to change his report and that Joslin feared losing his job unless he
complied.  Thus, there is corroborating
evidence of Joslin=s accomplice witness testimony.  See Cathey v. State, 992 S.W.2d 460,
462B63 & n.4 (Tex. Crim. App. 1999)
(noting that accomplice testimony must be corroborated with nonaccomplice
evidence).  This evidence, viewed in the
light most favorable to the verdict, could enable a rational fact-finder to
find beyond a reasonable doubt that Joslin committed perjury.            








Finally, the majority concedes that two more recent cases
suggest a notarized affidavit may suffice for a legally administered oath.  See Quinones v. State, No.
05-01-01876-CR, 2003 WL 21525305, at *1 (Tex. App.CDallas July 8, 2003, no pet.) (not
designated for publication); Martin, 896 S.W.2d at 339.  In Quinones, the appellant argued the
evidence was legally insufficient to support her conviction because the notary
did not administer her oath when she signed her affidavit.  See Quinones, 2003 WL 21525305, at
*1.  The Dallas Court of Appeals affirmed
her conviction, noting that Aan affidavit is simply another way to manifest an oath.@ 
Id. (citing Martin, 896 S.W.2d at 339).  In Martin, the Amarillo Court of
Appeals described an oath as Aan >unequivocal act by which [the individual] consciously takes
upon himself the obligation of an oath= before someone authorized to
administer an oath.@  Martin, 896
S.W.2d at 339 (citing Lowry, 297 S.W.2d at 850).  The Martin court went on to note that
in that case, Athe stipulations executed by the
parties evidenced that the Appellant orally pledged to the veracity of her . .
. statement.@ 
Id.  These cases recognize
the difficulty of demanding rigid adherence to swearing formalities.  Similarly, the existence of a technical
defect in Joslin=s affidavit should not negate his testimony in which he
admitted that he intended to and did commit perjury under appellant=s order. 

For these reasons, I respectfully dissent.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Dissenting opinions filed February 9, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson (Hedges, C.J. majority).

 

Publish C Tex.
R. App. P. 47.2(b)