IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0536-06






DEARL HARDY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


CHAMBERS COUNTY





 Keller, P.J., delivered the unanimous opinion of the Court.





 Appellant, the chief deputy of the Chambers County Sheriff's Office, was convicted of
perjury. The State's theory at trial was that he directed Deputy John Joslin to file a false affidavit
charging Vernon Coates with committing the offense of driving while intoxicated. Joslin's affidavit
specifically stated that he had been "duly sworn" and made the statements in the affidavit "on oath." 
The affidavit also contained Joslin's signature and a signed jurat, stating that the document was
sworn to and subscribed before the notary public.

 With some reluctance, and over the dissent of Justice Yates, the court of appeals found the
evidence legally insufficient because "no witnesses testified that Joslin actually appeared before
Carrington [the notary], that Carrington administered the oath to Joslin, or that Joslin signed the
affidavit in Carrington's presence." (1) Although the court of appeals acknowledged the persuasiveness
of the logic that a proper affidavit should substitute for live testimony, it felt constrained by our
decision in Lowry v. State. (2) The Lowry Court held, based on the language of the perjury statute in
effect at the time, that the evidence must show "the presence of the affiant before the person
administering the oath" at the time the oath is executed. (3) The Lowry Court further found "that the
officer's jurat, with proof of the signatures and authority of the officer to administer an oath," was
not "sufficient evidence to establish that appellant appeared before the notary and in his presence
did an unequivocal act by which he consciously took upon himself the obligation of an oath." (4)

 However, the court of appeals overlooked Texas Penal Code §37.07(b), which did not exist
at the time Lowry was decided, and which provides:

It is no defense to prosecution under Section 37.02 (Perjury) or 37.03 (Aggravated
Perjury) that a document was not sworn to if the document contains a recital that it
was made under oath, the declarant was aware of the recital when he signed the
document, and the document contains the signed jurat of a public servant authorized
to administer oaths.


The Legislature has superseded Lowry's holding. The law no longer requires evidence in addition
to the jurat to establish that the affiant personally appeared before the notary.

 The judgment of the court of appeals is reversed and the case is remanded for the court to
address appellant's remaining points of error.


Date delivered: January 31, 2007

Publish

 
1. Hardy v. State, 187 S.W.3d 678, 683 (Tex. App.-Houston [14th Dist.] 2006).
2. Id. at 682-684 (discussing Lowry v. State, 164 Tex. Crim. 178, 297 S.W.2d 848
(1956)).
3. Lowry, 164 Tex. Crim. at 182-183, 297 S.W.2d at 850-851.
4. Id. (Emphasis added.)