JOE VAUGHN V. THE STATE.

No. 22661. Delivered December 15, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Unlawfully possessing whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

By authority of a search warrant, peace officers found, in appellant's residence, a sufficient amount of whisky to authorize the jury's conclusion that it was possessed for the purpose of sale.

The sole question presented for review is that one of the affiants to the affidavit upon which the search warrant was issued did not swear thereto. Appellant contends that such is manifested by the following facts, set forth in the bill of exception presenting the question: viz.,

Moreland, the sheriff, one of the alleged affiants, testified as follows:

"That he and the other officer whose name is signed to the Affidavit for search warrant, (same being signed by witness and one other, only, and which affidavit was regular and sufficient on its face as to form) had prepared said affidavit, and took same to the Justice of the Peace who issued the warrant, and showed same to the Justice of the Peace as filled out; that the Justice of the Peace asked the witness if the facts set forth in said affidavit were true and the witness replied that such facts were true to the best of his knowledge and belief; that the Justice of the Peace then told the witness to sign said affidavit, whereupon the witness did sign same, and that the Justice of the Peace then affixed his signature to the jurat to the affidavit;

"That the witness further testified; 'I did not hold up my hand and swear anything; The Justice of the Peace did not administer any oath to me. I did not say anything like 'I swear this is true, so help me God'. The word swear was not used at any time by anybody. All I said to him was—he asked me if it was true, and I said it was to the best of my knowledge and belief.' However, it was my understanding that I was taking an oath."

Under these facts, it is made to appear: (a) that the witness himself prepared the affidavit and knew the contents thereof; (b) that he asserted to the justice of the peace that the facts set forth in the affidavit were true; (c) that the affidavit was signed by the witness in the presence of the justice of the peace, who was authorized to swear him thereto; and (d) that, at the time the witness so signed the affidavit, he understood that he was under oath.

Do such facts warrant the conclusion that the affidavit was sworn to by the witness?

Our Code of Criminal Procedure prescribes no form of oath necessary to be administered to a witness, or one attesting, under oath, any fact in a criminal proceeding. We therefore look to the generally accepted rules of law. An oath is any form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully. The difference between an affidavit and an oath is that an affidavit consists of a statement of fact, which is sworn to as the truth, while an oath is a pledge. 39 Am. Jur. 494.

A reasonable test to be applied in the instant case would be to ascertain whether or not a charge of perjury might have been predicated thereon, in the event statements contained in the affidavit were false.

In perjury cases, the rule is that there is a valid oath sufficient to form the basis of a charge of perjury when there is some form of an unequivocal and present act, in the presence of the officer authorized to administer the oath, whereby the affiant consciously takes on himself the obligation of an oath. 41 Am. Jur. 11; United States v. Mallard (DC), 40 Fed. 151, 5 L. R. A. 816.

We conclude that the facts in the instant case bring it within the rules stated and that the trial court was authorized to conclude that the witness Moreland did in fact swear to the affidavit for search warrant.

It follows that the judgment of the trial court should be affirmed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing attacks the definition of an affidavit and observes that no Texas cases have been cited.

A further examination of the authorities has convinced the writer that Texas cases which would aid in the subject are generally based upon text books and the decisions of the Supreme Court of the United States and of other States, in precisely the

same way as the original opinion in this case. It is no departure for this court to go to the source for the conclusions reached by former decisions of this court and also of other courts.

One of the cases cited by appellant is Ex Part Scott, 123 S. W. (2d) 306. This is an opinion by Mr. Justice Critz of the Supreme Court. From it, we quote: "An affidavit is an oath reduced to writing and sworn to or affirmed before some officer who has lawful authority to administer it." Among the authorities relied upon in this opinion are 12 Amer. Jur., p. 434, par. 67; 13 C. J., p. 57, par. 81, also p. 64, par. 89; 70 Am. Dec. 326.

Furthermore, the writer has been unable to find any case in Texas treating the exact question at issue in the instant case, further than to define an affidavit. Of the great number of cases cited by appellant, none touch the question here decided. In Rives v. State, 296 S. W. 576, it was held that the person who signed an application to the Federal Land Bank for a loan, which was not made out at the time he signed it in blank, had made no affidavit to facts substituted thereafter. The authority relied upon was Ency. of Law & Proc., Vol. 1, p. 4. The statement made was parol and not in writing, "and the instrument was not verified by affidavit after the insertions were made. * * * It was admittedly not complete when the oath was made and not intended to serve any purpose until the parol agreement to make additions thereto was carried into effect." It will be seen that the question there decided was not the question in the instant case.

Moore v. State, 15 S. W. (2d) 617: It was shown that one of the witnesses did not even appear before the justice of the peace. He signed it, together with another officer who took it to the justice of the peace, and the conclusion is based upon the statement by the witness, "I, myself, never went before Judge Pace."

Another case cited in appellant's brief is Foster v. State, 282 S. W. 600. The affidavit was for a search warrant for a private residence. The facts surrounding the execution of the affidavit are not discussed in the opinion, but from the record Judge Lattimore concluded, "The affidavit on which the search warrant was based in the instant case revealed that it was sworn to by only one person, * * *." Apparently there was no question about the manner of making the affidavit, as in the instant case.

Armstrong v. State, 298 S. W. 604: The question in this case was decided upon the facts which we quote, as follows:

"Ferguson testified that he did not swear to the affidavit before the warrant was issued and executed. No evidence was given by either Shockley or Shipman. As the record is presented, it seems conclusive and uncontradicted that Ferguson did not swear to the affidavit before the warrant was issued or executed."

No comment is required to distinguish the question there decided from the one now before us.

Pate v. State, 83 S. W. (2d) 984, deals with an entirely different question. The Armstrong and Moore cases, supra, were discussed and distinguished. It is not necessary to do so here.

Marsden, et al, v. Troy, 189 S. W. 960, is also cited by appellant. From it, we quote (p. 964):

"An 'affidavit' is a written or printed declaration of facts confirmed by an oath, while an oath is a pledge, not in writing, made in verification of statements made or to be made. In other words, an affidavit is an oath reduced to writing."

This is a Texas case defining an affidavit with much the same language as that found in the original opinion. Still it falls short of deciding the question in appellant's favor in the instant case. The question remains: Did his appearance before the justice of the peace meet the requirements of law? If it did, the search warrant was properly issued. If not, the objection to it should have been sustained.

It is conclusive, from the foregoing authorities, that an affidavit must be made before an officer authorized to take the same before a search warrant may issue. If it is a private residence, not used in part for some other purpose, two persons must make the affidavit required by law. Nothing further may be concluded from such opinions, or any of them, favorable to appellant in the case at bar. Neither do they treat the question as to the sufficiency of the apperance of the witness Moreland before the justice of the peace and of the acts of the justice of the peace to constitute compliance with the law. The two witnesses did appear before the justice of the peace; they knew the contents of the instrument; they signed the affidavit; the justice of the peace affixed his signature; the word "swear" was not used. The witness said:

"All I said to him was—he asked me if it was true and I said it was to the best of my knowledge and belief. However, it was my understanding that I was taking an oath."

The mutual understanding of the parties must prevail. Enough was said to evidence that. If the court has not heretofore had the question before it and if there be no Texas case as authority for the conclusion reached in the very logical opinion on original submission, this will hereafter serve as such.

Appellant's motion for rehearing is overruled.