**George E. THAYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38519.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

Rehearing Denied Jan. 12, 1966.

Clyde W. Woody (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Frederick M. Stove, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of marihuana; the punishment, two years.

Officers Farrar and Tissue of the Houston Police Narcotic Squad, testifying in the absence of the jury on the question of probable cause authorizing an arrest without a warrant, stated that at 8:55 p. m. on the night in question they received information from a source, whom they considered to be a credible and reliable person, that Henry Zepeda, Louis Cerreno and appellant would meet at Prince's Drive In within a very few minutes and that a narcotic drug transaction would there be consummated. They further testified that they went at once to Prince's Drive In and there saw the three named individuals, whom they already knew, in their respective automobiles.

Before the jury they testified that Zepeda got out of his automobile and approached appellant's automobile, that they saw appellant reach out and secure from Zepeda a penny match box and that they immediately placed both parties under arrest. The match box which was recovered from appellant's hand was shown by the testimony of an expert to contain sufficient marihuana to make 12 to 15 cigarettes. From Zepeda's person they recovered three similar boxes. Traces of marihuana were discovered in appellant's shirt and pants pockets as well as in empty sacks found in the garage of the home where appellant resided with his mother.

Appellant, testifying in his own behalf, admitted being at the place at the time in question, but denied that he had received any box from Zepeda and stated that Zepeda had only passed his automobile and had spoken to him before he (Zepeda) was arrested and the boxes were found on his person.

The jury chose to accept the officers' version of the transaction, and we find the evidence sufficient to sustain the conviction.

The one serious question with which we are met in this case is the correctness of the trial court's ruling when he sustained the State's objection to appellant's question to the officers, in the absence of the jury, as to whether or not they knew if the person whom they considered credible and reliable had ever been convicted of a felony in this or any other state. While this was not an inquiry as to their informant's identity, we have concluded that it comes within the same category. We adhere to our ruling in Artell v. State, Tex.Cr. App., 372 S.W.2d 944, and hold that since there was no showing that the informant took any material part in bringing about the offense or that he was present when the offense was committed and could have been a

material witness as to whether or not appellant committed the crime, that any inquiry concerning him would not be permitted. In Artell, supra, we relied upon the cases which appear in the Annotation in 76 A.L.R.2d 262, Sec. 20, p. 307. See also Lopez v. State, Tex.Cr.App., 397 S.W.2d 76, this day decided.

Appellant has cited us no opinion of the Supreme Court of the United States which would lead us to believe that we were in error in Artell.

Having so concluded, the judgment is affirmed.