Frank **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38511.

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

Rehearing Denied Jan. 5, 1966.

---

William C. McDonald, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of marihuana; the punishment, seven years.

Officers Balentine and McClellan testified that they had a certain alley in the city under surveillance on the night in question, that they observed appellant and two companions drive past the alley twice and on the third time they stopped and appellant and one of his companions walked up to a telephone pole in the alley where they retrieved an object and hurriedly walked back to their automobile. At this juncture, the officers "closed in" on the suspect automobile, at which time they observed appellant, who was seated on the passenger side of the front seat, open the right front door and throw a red colored object away. A search of the area where the object had landed revealed a Prince Albert tobacco can which was shown by the testimony of an expert to contain sufficient marihuana to make 100 cigarettes.

Appellant admitted being at the scene with the companions whom the officers had named, but denied that he had picked up or thrown away the Prince Albert can. In this he was supported by the testimony of one of his companions.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

Appellant's sole contention on appeal is that he should have been allowed to question the officers as to the name of the informant who had caused them to place the alley under surveillance. Citing Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, appellant contends that he has been denied the Sixth Amendment right of confrontation with the witness against him as it applies through the Fourteenth Amendment by the Court's failure to allow disclosure of the informant's identity.

We disagree. Pointer was a case which involved the introduction as evidence at the trial of a transcript of testimony of an absent complaining witness taken at an examining trial when the defendant was without counsel to exercise his right of cross examination.

The instant case does not involve the introduction in evidence at the trial of any testimony of the informant. It is the judgment of this Court that Pointer has not changed the informer rule formerly announced by this Court in Arredondo v. State, 168 Tex.Cr.R. 110, 324 S.W.2d 217, and followed in McCown v. State, 170 Tex. Cr.R. 142, 338 S.W.2d 732. The rule in Artell v. State, Tex.Cr.App., 372 S.W.2d 944, and Thayer v. State, Tex.Cr.App., 397 S.W.2d 236, this day decided, is that since there was no showing that the informant took any material part in bringing about the offense or that he was present when the offense was committed and could have been a material witness as to whether or not

appellant committed the crime, any inquiry concerning him would not be permitted. In Artell, supra, we relied upon the cases which appear in the Annotation in 76 A.L.R. 2d 262, Sec. 20, p. 307.

Appellant has cited us no opinion of the Supreme Court of the United States which would lead us to believe that we were in error in Artell.

Having so concluded, the judgment is affirmed.