**Joe Givos ACOSTA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39454.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Rehearing Denied May 25, 1966.

Second Motion for Rehearing Denied June 22, 1966.

Clyde W. Woody, Marian S. Rosen, Fred H. Dailey, Jr., John P. Farra, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Dougas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the possession of heroin with a prior conviction for possession of heroin alleged for enhancement; the punishment, 30 years.

The evidence introduced before the jury reflects that police officers of the Narcotic Division of the Houston Police, together with a representative of the Department of Public Safety, armed with a search warrant, arrived at appellant's home, intercepted him as he and his family were backing his automobile out his driveway, and exhibited the warrant to appellant and his wife. The family re-entered the house where a search was conducted, and, finally, under a flower which appeared to have been recently transplanted, a jar was found which was shown to contain over 100 grams of heroin in two rubber containers. The chain of custody was shown and the substance was identified by expert testimony to be 48 to 50 percent pure heroin. The prior conviction was established, and appellant did not testify or offer any evidence in his own behalf.

Since almost all the matters complained about by appellant in an exhaustive brief and argument occurred in the absence of the jury, they will be discussed in the order presented.

Appellant first contends that the heroin seized was inadmissible because the probable cause recited in the affidavit for the search warrant was insufficient under the holdings of the Supreme Court of the United States in a number of cases including Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Etchieson v. Texas, 378 U.S. 589, 84 S.Ct. 1932, 12 L.Ed.2d 1041; and Barnes v. Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818.

The affidavit in Aguilar, supra, recited that the affiants "have received reliable information from a credible person and do believe that heroin * * * and other narcotics and narcotic paraphernalia are being kept at * * * (petitioner's) premises for the purpose of sale and use contrary to the provisions of the law." The Court held that the above did not contain an affirmative allegation that the

informant or the affiants spoke with personal knowledge.

The affiant in Giordenello v. United States, supra, recited:

"The undersigned complainant [Finley] being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.

And the complainant further states that he believes that ———— are material witnesses in relation to this charge."

The Court held that the above did not contain an affirmative allegation that affiant spoke with personal knowledge and failed to indicate any source of complainant's belief.

The affidavit in Etchieson v. State, Tex.Cr.App., 372 S.W.2d 690, recited:

"My belief as aforesaid is based on the following facts:

'(A) I have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas,

'(B) and further from a source that we do not wish to divulge.' "

In a Per Curiam opinion Etchieson was reversed.

The affidavit in Barnes v. State, Tex. Cr.App., 390 S.W.2d 266, in which the writer dissented, and which was reversed by the Supreme Court of the United States in Barnes v. Texas, supra, upon their holding that the warrant for the arrest of Mrs. Barnes' husband contained no affirmative allegations that the affiant spoke with personal knowledge, did not indicate any source of complainant's belief, nor set forth any other sufficient basis upon which the finding of probable cause could be made.

We will now set forth the affidavit before us in the case at bar:

"On the 14th day of May, 1965, affiants received reliable information from a credible person that heroin was being possessed by Joe Givos Acosta, at 7515 Force Street, Houston, Harris County, Texas. Although I do not desire to name this person, on about four prior occasions he has given information to me concerning narcotics being possessed by certain individuals, and on every occasion his information has proven to be true. Based upon the information he gave to me, affiants on the morning of the 14th day of May, 1965, set up surveillance of the house located at 7515 Force Street, and from approximately 7:00 a. m. to 10:00 a. m. of that day we observed several persons whom we know to be users of narcotics, enter the house, remain for approximately five minutes each, and then leave."

■ Because of the late filing of the officer's return, the court heard evidence on the issue of probable cause in the absence of the jury, and, in the course thereof, it was developed that two of the "several people" whom the officers observed to enter appellant's house, remain approximately five minutes and then leave were Victor Valdez and Martin Damian, each of whom had narcotic charges pending against them at the time of appellant's trial and each of whom were known by the officers to be narcotic addicts. We hold that the affidavit in the instant case does set forth a sufficient basis upon which a finding of probable cause could be made. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. The cases cited by appellant do not support his contention that the trial court erred in refusing to grant his motion to suppress evidence seized under the search warrant.

Appellant next contends that the court erred in not requiring the affiants to identify the informer. He admits that he did not request the court to direct

the witness to name his informer, but contends that he should have been permitted to question the affiant as to the age, sex and past criminal record of the informer in order that the court might intelligently pass upon the question of the existence of probable cause. This is the same position taken by appellant's counsel in Thayer v. State, Tex.Cr.App., 397 S.W.2d 236, wherein we adhered to our prior holding in Artell v. State, Tex.Cr.App., 372 S. W.2d 944.

■ Appellant cites a number of cases from other jurisdictions, and we hold, as we have in the past, that it is only those cases which were described by the Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, that the name of the informer should be disclosed. That is, where the informer "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly" committed the act. It would appear from the holding of the opinion of the Supreme Court of the United States in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, that the Court does not intend to extend the rule announced in Roviaro v. United States, supra.

Appellant next contends that the court erred in declining to sustain his motion to suppress the evidence acquired by the execution of the search warrant because the warrant was not promptly returned by the officer executing the same to the magistrate who issued it as provided by Sec. 16 of Article 725b, Vernon's Ann. P.C., and Article 324, Vernon's Ann.C. C.P. The officer swore unequivocally that he made his return on the back of the warrant on the day it was executed, but that through some error it was not delivered to the magistrate until the day this trial began.

■ Recently in Daltwas v. State, Tex. Cr.App., 375 S.W.2d 732, we held that the failure of the officers to make a return on the search warrant or deliver to appellant an itemized copy of the return, in the absence of a showing of injury, reveals no error. This record is silent as to any demand made by this appellant or his counsel that they might see the officer's return prior to trial. Hence, no injury is shown.

He next contends that the trial court did not conduct his hearing as to the voluntary nature of the confession in accordance with the mandate of this Court in Lopez v. State, Tex.Cr.App., 384 S. W.2d 345, and of the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In Lopez v. State, supra, we said:

"In new trials arising hereunder and in future trials in this state where there is a fair question of voluntariness of a confession of the defendant, the trial judge shall grant to the defendant the opportunity to object to the use of said confession; shall grant a fair hearing before the Court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession, shall make a clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend."

■ In the absence of the jury the prudent trial judge allowed appellant's counsel full latitude to explore the practice of the issuance of search warrants in Harris County and what occurred in this case. Appellant testified that he was hit and kicked by the officers while in his home, but his wife, who was called, did not support him in this claim. He stated that he was threatened with the loss of his children and that his wife and her parents, who resided with him, would be jailed unless he promised to make a statement when he arrived at the police station,

and yet he chose not to make an issue of fact before the jury, and no evidence of the involuntary nature of the confession was submitted before them. In his confession, which was made and signed within an hour after appellant's arrival at the police station after appellant had been fully warned and advised of his right to counsel and which the court found to have been voluntarily made, he recited that he had gone to San Antonio on the Wednesday preceding his arrest and purchased $2,000 worth of heroin. It should be noted that in the absence of the jury one of the arresting officers, while being questioned by appellant's counsel as to what transpired in appellant's back yard immediately after the heroin was discovered, was asked and answered the following:

"Q. Did you ask him any questions concerning the identity of the individual who owned the heroin?

A. He stated that it was his before anybody asked him anything in regard to it. He was shocked as to how it was found."

■ Prior to the asking of this question, the court had, in the presence of the jury, sustained appellant's objection to anything appellant may have said at the time the heroin was discovered. His claim that appellant's family was held in custody for more than an hour is without foundation. It would be strange police practice to allow members of a suspect's family to wander about the house while a search was being conducted therein. His claim that the court erred in permitting the prosecutor to question appellant as to the truthfulness of his statement, to which question the appellant answered, "The things in the statement are not true", need not be considered because even if inadmissible, the jury was not present, and this Court has always held that the court is presumed not to have considered inadmissible evidence.

■ Appellant next contends that the court erred in permitting the chemist when recalled as a witness to testify how many capsules the bulk heroin found in appellant's possession would fill. The chemist had already testified that the jar contained 111.2 grams of 49 percent pure heroin. We have concluded that it was not reversible error to permit the State to translate this testimony into terms understandable to the jury.

■ We overrule appellant's contention that the records of the Texas Department of Correction concerning appellant's prior conviction were inadmissible as hearsay. Broussard v. State, Tex.Cr.App., 363 S. W.2d 143.

■ We also overrule his contention that the court erred in overruling his motion to quash the indictment because the same failed to inform him if the State intended to proceed against him under Article 725b, Sec. 23(1), V.A.P.C. or Article 62, V.A.P.C. This Court has held that Article 725b is a special statute that contains its own cumulation of punishment provision for a subsequent conviction for its violation.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge (dissenting).

My Brethren overrule appellant's motion for rehearing, but I cannot bring myself to join them in such action. This is so because after further study, I have become convinced that the following portion of the opinion which I prepared originally is entirely erroneous, to-wit: "His claim that the court erred in permitting the prosecutor to question appellant as to the truthfulness of his statement, to which question the appellant answered, 'The things in the statement are not true', need not be

considered because even if inadmissible, the jury was not present, and this Court has always held that the court is presumed not to have considered inadmissible evidence." I would be a poor judge indeed if I was not always ready to admit that I had erred. I overlooked the fact that appellant was questioned repeatedly, over strenuous objections, about the truth or falsity of certain admissions contained in the confession; for example, he was asked, "You told Officer Dunlap the truth when you gave him the statement and the things that went into the statement are the things that you told Officer Dunlap?"

It is now apparent that the question here presented may not be disposed of, as I did originally, by reference to Texas procedure because it has reached Federal Constitutional dimensions. My conviction arises from a re-examination of Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and cases which followed the holding of the Supreme Court in that case. In Rogers, supra, the Supreme Court of the United States was reviewing a State court conviction where the trial court in the absence of the jury on a hearing as to the voluntary nature of the confession had considered the truth or falsity of the confession as one element of its reliability authorizing its introduction. The Court in reversing the State court conviction said, "Any consideration of this 'reliability' element was constitutionally precluded, precisely because the force which it carried with the trial judge cannot be known." Rogers, supra, was later cited as authority on this question in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; see also 1 A.L.R.3d 1205. This latter case was the basis for the reversal of our own decision in Lopez v. State, 366 S.W.2d 587.

On remand from the Supreme Court of the United States, Lopez v. State, 384 S.W.2d 345, we incorporated the Jackson v. Denno rule and said:

"In new trials arising hereunder and in future trials in this state where there is a fair question of voluntariness of a confession of the defendant, the trial judge shall grant to the defendant the opportunity to object to the use of said confession; shall grant a fair hearing before the Court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession, shall make a clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. Upon request, such hearing shall be held and the court's ruling made in the absence of the jury. Unless the trial judge is satisfied that the confession was voluntarily made he shall exclude it. If the confession has been found to have been voluntarily made and held admissible by the Court, it is recommended that the trial judge enter an order stating his findings, which order should be filed among the papers of the cause but not exhibited to the jury. *Should the defendant testify at such a hearing, the cross-examination of the defendant shall be limited solely to the facts surrounding the voluntariness of the confession, and the defendant shall not be subject to cross-examination except for the limited purpose of facts involving the voluntary nature of his confession, nor shall the defendant be compelled to take the stand upon the trial of the cause upon its merits because of his testimony at this hearing.*"

What I have said above is consistent with the reasoning in my recent dissent in Hill v. State, Tex.Cr.App., 403 S.W.2d 421.

Realizing the error of my ways in time, I respectfully dissent to the action of my Brethren.