Joe Ramirez **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41507.

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Carol S. Vance, Dist. Atty., James S. Brough and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, 20 years.

Appellant's first ground of error is that the trial court, in the presence of the jury, heard evidence which was hearsay on the issue of probable cause contrary to our holding in Ramos v. State, Tex.Cr.App., 395 S.W.2d 628. In Ramos, the court permitted

the witness to testify in the presence of the jury as to the full details of what information he had received regarding a certain location. In the case at bar, the question "and did it (the information) concern the possibility of narcotics being at that location" was asked. Objection was made and sustained and the court held that the question was improper and the jury were thereafter retired, and the matter was not pursued any further in their presence. We have concluded that the court did not err in declining to grant a mistrial.

His next three grounds of error relate to the court's refusal to permit appellant to go behind the search warrant, and test the reliability and credibility of the informer. This is, as the writer views it, the most serious question in the case.

■ Appellant sought to elicit from the officer who executed the affidavit for the search warrant the dates on which his unnamed "reliable informant" had previously given him information about other narcotics transactions. His contention is that the affidavit was false and a fraud upon the court, and he alleges if he had been permitted to ask the officer—affiant for such information he would have been able to prove the alleged fraud. The only basis for his contention is that the affidavit in the case at bar is similar to the affidavits which this Court approved in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, Bosley v. State, Tex.Cr.App., 414 S.W. 2d 468, and Brown v. State, 437 S.W.2d 828 (delivered March 20, 1968).

While the date on which the information gave the officer his last information prior to the occasion in question might not have disclosed the name of his informant, the second question, or the third, which inevitably would have followed, would certainly have made the identity of the informant known. The court was confronted with the problem of when to halt the interrogation and allow the State to assert the testimonial privilege. Since no claim was then nor is now made that the identity of this informant should have been made known under the rule announced by the Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, which has been followed by this Court in Artell v. State, Tex.Cr.App., 372 S.W.2d 944, Thayer v. State, Tex.Cr.App., 397 S.W.2d 236, and Lopez v. State, Tex.Cr.App., 397 S.W.2d 76, we have concluded that the court did not err in declining to require the officer-affiant to answer the questions concerning the information previously given by the informant, and in sustaining the validity of the search warrant under the authority of Acosta, Gonzales, Bosley and Brown, supra. While there seems to be a diversity of holdings on this question, we have been cited to no case from the Supreme Court of the United States or from the Fifth Circuit Court of Appeals which holds that the trial Court's ruling under the circumstances before us here would call for a reversal of this conviction. Cf. Miller v. United States, 5 Cir., 273 F.2d 279; and Lane v. United States, 5 Cir., 321 F.2d 573, where, as here, information is received and a surveillance follows.

It should be noted here that in McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, relied upon by appellant, there was no surveillance of the character shown here and in the Miller and Lane cases, supra; and the Court was careful to point out in McCray, supra, that "nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury." As in McCray, supra, the officers were subjected to cross-examination as to the age and sex of the informer.

Instead of proving that the officers have committed perjury, the similarity of the affidavits as noted above may naturally follow from the fact that the officers have tailored their investigative procedures to comply with the holding of this Court in Acosta, supra.

This record fails to support appellant's assertion that the judge abdicated his judicial function to the execution branch of the government when the officer-affiant failed to give any further information about his informant because he had been instructed by the prosecutor not to do so. The record reveals that the Court asked for and presumably received briefs from both parties before ruling on the request that the officer-affiant be required to give further information.

The warrant was not defective as to appellant because it failed to name him as a resident of the described premises. As in Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455, the warrant authorized a search of "other person or persons unknown to affiant by name identity or description", who might be found at the named location. When the officers arrived at the named premises, appellant was there and showed the officers where the heroin was concealed and claimed the same as his own.

Appellant's next three grounds of error complain of the admission of evidence seized in the execution of the search warrant. In view of what we said above, sustaining the trial court's finding of the search warrant's validity, the evidence seized under such warrant was admissible.

His eighth ground of error is that the court erred in declining to suppress the oral confession of appellant, who was not warned as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and our recent opinion in Lee v. State, 428 S.W.2d 328. The instant trial began on October 6, 1965, though the record only recently arrived at this Court, and therefore Miranda has no application. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. For the same reason, and in addition to the reasons stated in the paragraph immediately above, the evidence which was discovered

by the officers as a result of appellant's oral confession was not inadmissible. Cf. Hill v. State, Tex.Cr.App., 420 S.W.2d 408.

Finding no reversible error, the judgment of the trial court is affirmed.