Gabriel **RANGEL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41605.

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Rehearing Denied Jan. 8, 1969.

Cutler & Epps, by Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., James S. Brough and Richard M. DeGuerin, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin with a prior conviction of an offense of like

character alleged for enhancement; the punishment, 20 years.

Trial was had before the court without the intervention of a jury.

Appellant's principal ground of error is his contention that the affidavit for the issuance of the search warrant is insufficient to show probable cause. For the purpose of his bill of exceptions, appellant attached to this record affidavits submitted to the same issuing magistrate in eight other cases in order to establish, as he alleged, that each was an exact copy of the allegations which have been approved by this Court in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434; Gonzales v. State, Tex.Cr. App., 410 S.W.2d 435; and Bosley v. State, Tex.Cr.App., 414 S.W.2d 468. An examination of these affidavits reveals, in our judgment, that the allegations vary in many cases with a considerable variety of detail.

■ We find that the affidavit in the case before us here recites considerable more detail as to the surveillance than we found in the cases cited above. For example, we find in the affidavit in this case this recitation of fact:

"At approximately 5:05 PM of this day, affiants observed Rosa Eufemia Almaraz enter this house, remain for five minutes and then leave, and affiants arrested Rosa Eufemia Almaraz and found her in possession of Heroin * * *."

Though not admissible under the holdings of this Court, the appellant did develop that the affiants had not personally arrested the person named in the affidavit but had only been in the general vicinity when she was arrested.

While the writer of this opinion now realizes, after viewing these various affidavits, that he may have made some seemingly inconsistent observations in the two recent opinions in Brown v. State, Tex.Cr. App., 437 S.W.2d 828 (delivered March 20, 1968) and Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831 (delivered October 23, 1968) regarding the similarity of affidavits, the holdings themselves in each of the cases are consistent with each other and authorize holding this affidavit sufficient.

We are at a loss to understand the applicability of State of Texas v. Gonzales, 388 F.2d 145 (delivered January 15, 1968), decided by the Fifth Circuit Court of Appeals, upon which appellant relies. The sufficiency of the affidavit was not discussed by the Fifth Circuit, or by this Court when the case was originally before us. Gonzales v. State, Tex.Cr.App., 389 S.W.2d 306.

In Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, relied upon by the appellant, there was no affidavit as to a surveillance or the fruits thereof as we have in the case at bar as set out above. Such is also the case in Barnes v. Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, also cited by appellant.

I am as concerned now as I was when I prepared the opinion in Brown v. State, supra, (which has been docketed in the United States Supreme Court, but on which no action has been taken, 4 Cr.L. 4022) with the holding of the Second Circuit Court of Appeals in United States v. Soyka, 394 F.2d 443 (delivered January 18, 1968).

We hold the affidavit to be sufficient.

■ Appellant's second ground of error grows out of what he denominates an amendment of the indictment. As originally returned, the indictment alleged a prior conviction for an offense of the same nature as the primary offense with an additional prior conviction for burglary. Appellant filed a motion to quash the indictment and the court sustained the same as to the prior burglary conviction alleged for enhancement and proceeded to hear the case as a narcotic case with a prior narcotics conviction alleged for enhancement under Art. 725b, Vernon's Ann.P.C., as he was clearly authorized to do. Sustaining a motion to quash one paragraph of an indict-

ment charging a prior conviction does not constitute an amendment thereof.

■ Appellant's last ground of error raised in a supplemental brief filed in this Court and not presented to the trial court at the hearing on the motion for new trial relates to the authority of the Judge of a Corporation Court to administer the oath to an application for a search warrant and is not such a question as requires our consideration under Sec. 13 of Art. 40.09, V.A.C.C.P. If the question were before us properly, we would find no merit therein.

Finding no reversible error, the judgment is affirmed.