Cruz G. GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 44240.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Dan McCairns, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin where the punishment was assessed at 8 years. The trial was before the court upon a plea of not guilty following the filing of a jury waiver.

Appellant's two grounds of error are as follows:

"I

"The trial court reversibly erred in overruling appellant's motion to suppress evidence.

"II

"The trial court reversibly erred in admitting into evidence a legally insufficient search warrant and in admitting contraband illegally obtained by virtue of said search warrant."

It appears from the brief that it is really appellant's contention that the affidavit upon which the search warrant was based did not reflect probable cause. Appellant cites Aguilar v. United States, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

We observe that the affidavit in question is substantially the same as those held sufficient to reflect upon probable cause in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434; Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, cert. den. 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982; Bosley v. State, Tex. Cr.App., 414 S.W.2d 468; Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935; Brown v. State, Tex.Cr.App., 437 S.W.2d 828, cert. den. 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed. 2d 782; O'Quinn v. State, Tex.Cr.App., 462 S.W.2d 583. See also Gonzales v. Beto, Acosta v. Beto, 5 Cir., 425 F.2d 963.

The judgment is affirmed.