**Paul Thomas ROSALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44390.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Armando P. Martinez, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of heroin; the punishment, life.

The appellant does not challenge the sufficiency of the evidence. Officers acting with probable cause made a warrantless arrest of the appellant, after a high speed automobile chase. There was an exchange of gunfire between the officers and the appellant during the chase. Two passengers in appellant's automobile were wounded. After appellant's arrest, he was searched and a matchbox containing a substance proved to be heroin was found in his pocket.

Appellant first contends that "The trial court erred in permitting the jury to see a pistol which defendant allegedly used when such pistol was not allowed in evidence." Officers identified a pistol which they had recovered on a vacant lot within a block from where the automobile driven by the appellant was stopped. During the automobile chase, officers observed appel-

lant throw a shiny object from the car into the area where the pistol was found. Both the prosecutor and appellant's counsel interrogated witnesses concerning the pistol. At one point in the trial, appellant's counsel asked the trial court whether or not the pistol had been admitted into evidence. The trial court informed him that it had not. It was offered by the prosecutor and appellant's general objection was sustained. No further offer to introduce the pistol into evidence was made. The only objection made by the appellant was sustained. He did not ask for any further relief. The fact that the pistol was not formally introduced into evidence did not render its display before the jury error. Valdez v. State, 462 S.W.2d 24 (Tex.Cr.App.1970) and Pittman v. State, 438 S.W.2d 808 (Tex.Cr.App. 1969).

■ Appellant's second ground of error is that "The trial court erred in not allowing a thorough cross-examination of a state's witness to determine the reliability of information received by said state witness from an informer, or if in fact, there was an informer." One of the arresting officers interrogated by appellant's counsel stated he had received information from an informant that appellant was about to leave his house. This testimony reflects the existence of an informer. Appellant's counsel then asked the officer if the informant told him how he (the informant) knew appellant was about to leave his house. The prosecutor's objection on the grounds that an answer might divulge the identity of the informer was sustained. Appellant designates this as the basis for his complaint in not being permitted to fully cross-examine to determine the reliability of the informer. In O'Quinn v. State, 462 S.W.2d 583 (Tex.Cr.App.1970), this court said:

"No error is shown by the trial court's refusal to require the officer to answer the above questions, for such would have only served to identify the informant. There is no showing that the informant was present during the commission of the offense or that he was a material witness at the trial. Hernandez v. State, Tex.Cr.App. 437 S.W.2d 831; Cumby v. State, Tex.Cr.App., 399 S.W.2d 814; Thayer v. State, Tex.Cr.App., 397 S.W.2d 236; Lopez v. State, Tex.Cr.App., 397 S.W.2d 76; Artell v. State, Tex.Cr.App., 372 S.W.2d 944."

No error is shown.

■ Appellant's last ground of error is that "The court erred in arbitrarily refusing to grant a continuance to defense because of newly discovered evidence in the form of a witness for the defense." After all of the evidence had been adduced on the issue of guilt or innocence, both the State and the defense rested and closed. The court stood in recess until the next day. The next day, appellant's counsel made the following oral motion, "At this time, Your Honor, I would like to move that this case be continued on the basis of newly discovered evidence and that the court allow me sufficient time to bring to the court a new witness." The court overruled appellant's motion. No error is shown because the requirements of Arts. 29.03, 29.06, 29.07, 29.08 and 29.13, Vernon's Ann.C.C.P., were not met. The motion for continuance was not in writing, not sworn to by the defendant himself; no allegations as to the nature and materiality of the expected testimony were made. See Gonzales v. State, 470 S.W.2d 700 (Tex.Cr. App.1971); Mitchell v. State, 466 S.W.2d 786 (Tex.Cr.App.1971); Webb v. State, 460 S.W.2d 903 (Tex.Cr.App.1970); Blankenship v. State, 448 S.W.2d 476 (Tex.Cr. App.1969) and Barbee v. State, 432 S.W. 2d 78 (Tex.Cr.App.1968).

The judgment is affirmed.

Opinion Approved by the Court.

ROBERTS, J., not participating.